UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Madison Capital Company, LLC<br><br>Plaintiff,<br><br>-against-<br><br>Alasia, LLC, Ophrys, LLC and Dodeka, L.L.C.,<br><br>Defendants. | 1:09-CV-558 (CM) (AJP)<br><br>**BRIEF IN SUPPORT OF MOTION TO EXTEND TIME FOR REINSTATING MADISON'S CLAIMS PURSUANT TO DECEMBER 4, 2009 ORDER OF DISMISSAL, OR ALTERNATIVELY, TO REINSTATE AND RESET DEADLINES** |

Plaintiff Madison Capital Company, LLC ("Madison"), by and through its undersigned counsel, hereby files this brief in support of its motion to extend the deadline for reinstating its claims in this action pending finalization of settlement documentation, or alternatively, to reinstate immediately its claims in this action and reset deadlines. As grounds therefore, Madison states as follows:

1. On November 23, 2009, Defendants, with the approval of Madison, notified the Court that the parties had reached a settlement agreement in principle and were in the process of negotiating the terms of a final settlement agreement.

2. On November 30, 2009, despite the parties' prior agreement, Defendants notified the Court that settlement discussions had broken down. However, settlement discussions continued, and the parties quickly reached another agreement in principle on December 2, 2009. Madison immediately circulated a term sheet reflecting the terms of that agreement.

3. On December 1, 2009, this Court contacted counsel for Defendants, Eric Fisher, Esq., inquiring as to the status of the parties' settlement discussions. Mr. Fisher sent counsel for

Madison an email, informing Madison that the Court requested feedback on the status of the settlement discussions. As part of those discussions, on December 3, 2009, Madison received the following email from defendants' counsel, Mr. O'Brien:

> From: O'Brien, Gregory J. [mailto:gobrien@taftlaw.com]
> Sent: Thursday, December 03, 2009 8:11 AM
> To: Benenson, Richard B.
> Cc: Fisher, Eric; Krebs, Patrick J.
> Subject: Madison Capital Company, LLC v. Alasia, LLC, et al. [TAFT-CLEVELAND.FID1051841]
> Importance: High
>
> Rich,
>
> My client has reviewed the term sheet circulated by your client yesterday evening and has instructed me that we do have a settlement. Moreover, my client has stated to inform the court and dismiss our counterclaim.
>
> Additionally, Eric has been contacted by the court seeking information on the settlement or discovery conference. The Court informed Eric that if the case is settled, the court intends on immediately filing a dismissal subject to the terms of the settlement. If you want to get on the phone with Eric or the court to get a better understanding of the court's intention, let me know. Otherwise, I am inclined to ask Eric to contact the court informing the judge of the settlement; and thus, the court will proceed accordingly. Let me know. Thank you

    4.    In response, Madison's counsel informed Mr. O'Brien that Madison's position was that after the settlement term sheet was executed the parties should notify the Court of same. Later that evening, Madison received another email from Mr. O'Brien:

> From: O'Brien, Gregory J. <gobrien@taftlaw.com>
> To: Benenson, Richard B.
> Cc: Fisher, Eric <FISHERE@butzel.com>
> Sent: Thu Dec 03 15:33:08 2009
> Subject: Madison/Alasia [TAFT-CLEVELAND.FID1051841]
>
> Rich,
>
> I have been unable to secure the signed "term sheet" circulated yesterday evening due to my client's travel and business schedule. However, the court persists relative to wanting information on the status of the case. In this regard, Eric has been

instructed to communicate with the court no later than first thing tomorrow. Therefore, I told Eric to do what he has to do since he is on the "front line" and does not have the luxury of being pro hac vice. Unless there is some reason not to, he is going to send a letter to the Court stating that the parties have settled the case and are preparing the necessary documents consistent with that settlement agreement.

Have a nice evening.

5. In reliance upon Mr. O'Brien's written confirmation that his client had reviewed and approved the term sheet and his further written confirmation that there was a settlement agreement, Madison agreed to notify the Court of the parties' agreement.

6. On December 4, 2009, Defendants again notified the Court that the parties had reached a settlement agreement in principle, subject to definitive documentation.

7. Shortly thereafter, on December 4, 2009, this Court entered an Order of Dismissal on Consent ("Order") [Docket # 40]. The Order dismissed the action with prejudice in light of the parties' settlement agreement in principle. However, the Order provided that any party may reinstate the action within 15 days of the Order if the settlement is not fully effectuated. Thus, under the Order, the current deadline for reinstating the action is December 19, 2009.

8. Madison has continued to work diligently to finalize settlement documentation, and has executed both the Settlement Agreement and the Settlement Term Sheet and delivered those executed documents to Defendants' counsel. Despite those efforts, however, Defendants have still not executed and delivered those documents to Madison, and the settlement of this matter is not yet fully effectuated.

9. Under the Settlement Agreement, multiple conditions must be satisfied before the Agreement becomes fully effective, including the execution of releases by third parties and the negotiation and execution of Definitive Documentation setting forth in greater detail the terms and conditions of the parties' agreement. The execution of the Definitive Documentation will require the parties to revise the Loan Agreement and Master Sale and Servicing Agreement

underlying this action, both of which are complicated and comprehensive agreements that together establish the parameters of the business relationship between the parties.

      10.      With respect to this motion, the Settlement Agreement provides in pertinent part:

> **Dismissal of Lawsuit**:  On December 4, 2009, the Court issued an Order of Dismissal Upon Consent, dismissing the Lawsuit but providing that "any party may reinstate the action within 15 days hereof if the settlement is not fully effectuated."  The Parties will jointly request that the Court's Order of Dismissal Upon Consent be modified so that the period time in which a Party may seek to reinstate the lawsuit be extended from December 19, 2009 (15 days from December 4, 2009) to January 18, 2010, to allow the Parties sufficient time to obtain releases from the Texas Subervicers and complete the Definitive Documentation.

      11.      Pursuant to the Settlement agreement and in order to allow the parties sufficient time to obtain the releases from the third parties and complete and execute the definitive documentation, Madison request that the Order be modified so that the period of time in which Madison may seek to reinstate its claims in the lawsuit be extended to January 18, 2010, the date by which the conditions described above must be satisfied under the terms of the settlement agreement.

      12.      Alternatively, in the event that this Court declines to extend the 15-day time frame for reinstating the action pursuant to the Court's December 4, 2010 Order [Docket #40], Madison requests that its claims in the lawsuit be reinstated and that all upcoming deadlines be reset accordingly.  Although Madison anticipates that the case will settle, Madison is unwilling to agree to dismissal with prejudice until Definitive Documentation has been executed and the settlement has been finalized.

      13.      Madison has not previously requested an extension of the deadline for reinstating the action pursuant to the Court's December 4, 2010 Order [Docket #40].

14. Madison conferred with Defendants' counsel, and Defendants, despite the language of the Settlement Agreement, do not consent to the relief Madison requests in this Motion.

WHEREFORE, for the reasons set forth above, Madison respectfully requests that this Court extend the deadline for reinstating Madison's claims in the action to January 18, 2010. Alternatively, if this Court does not extend the deadline for reinstating Madison's claims in the action to January 18, 2010, Madison requests that this Court immediately reinstate its claims in the action and reset all upcoming deadlines accordingly.

Dated:  New York, New York
        December 18, 2009

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Richard B. Benenson*
   Timothy R. Beyer, Bar No. 12168
   Richard B. Benenson, Bar No. 32566
   Karl L. Schock, Bar No. 38239
   410 Seventeenth Street, Suite 2200
   Denver, CO  80202-4432
   (303) 223-1100

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

   Lawrence P. Kolker  (LK6432)
   270 Madison Avenue
   New York, NY 10016
   (212) 545-4600

*Attorneys for Plaintiff Madison Capital Company*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 18, 2009, the foregoing **MOTION TO EXTEND TIME FOR REINSTATING MADISON'S CLAIMS PURSUANT TO DECEMBER 4, 2009 ORDER OF DISMISSAL, OR ALTERNATIVELY, TO REINSTATE AND RESET DEADLINES** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties.

                                             */s/ Rob Bower*

10044\38\1347802.3